## THISTLETHWAITE *v.* PIERCE.

[No. 4,606.    Filed March 19, 1903.]

EVIDENCE.—*Corporate Records.—Parol Proof.*—Where the books of a corporation showing the issue and transfer of stock were destroyed, it was not incompetent to show by parol, in an action for the conversion of notes claimed to be part of the assets of the corporation, that the shares of stock for which the notes were given were surrendered and taken by other stockholders, in connection with evidence that the notes were transferred to defendant in consideration for the sale by him to such withdrawing stockholder of certain property.

From Hamilton Circuit Court; *J. F. Neal,* Judge.

Action by Henry J. Thistlethwaite against William G. Pierce. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*S. D. Stuart* and *C. G. Reagan,* for appellant.
*L. S. Baldwin,* for appellee.

BLACK, P. J.—The parties to this appeal had been stockholders in a corporation named the Westfield Gas & Milling Company, organized in December, 1888. In a certain action in the court below, wherein a receiver for the cor-

poration was appointed, there was a compromise of the litigation, and in the settlement thereby effected the appellant became the owner of the assets of the company, after the payment of certain claims by the receiver. The case at bar was an action brought by the appellant against the appellee for the conversion by the latter to his own use of two certain promissory notes alleged to be part of such assets. The notes were made by Barker and Edwards to one Mendenhall. The corporation, which was organized to supply natural gas, and for other purposes, was projected by the appellee and a number of others, not including Mendenhall, who was solicited to become a stockholder, and consented so to do, agreeing to take fourteen shares of stock.

The controlling question in dispute in this case was whether the notes in question were delivered by Mendenhall to the appellee for the company in payment for the stock which he had agreed to take, or were given to the appellee in part payment for the interest of the latter in a certain stock of merchandise, which, at the time in question, Mendenhall bought from the appellee.

The court trying the cause found,—as it well might do upon the evidence,—against the theory that the notes were delivered in payment for stock. There was evidence tending to prove that upon the occurrence of a dispute between Mendenhall and his associates in an early stage of the undertaking, he withdrew from the enterprise, and the stock which he had agreed to take was taken by and distributed among a number of the original projectors, who took this stock in addition to their original holdings of stock, and that the notes in question were part of the consideration for the transfer of the appellee's interest in the stock of goods.

The only matters presented and discussed by the appellant relate to the action of the court in admitting evidence of conversations and negotiations for the effecting of the arrangement whereby Mendenhall parted with his interest

in the company and gave up his stock, and the shares were taken by others; it being objected and contended by the appellant that such matters could be proved only by the records of the corporation. Some of the books of the company, those containing the records of the issuing and transferring of stock, had been destroyed in a fire when the office in which they were kept was burned. The book containing the minutes of the meetings of the directors and of the stockholders was present at the trial, in the possession and control of the appellant. The conversations and transactions so proved by parol occurred in connection with the organization and commencement of business undertakings of the company. It is a matter of uncertainty in the evidence as to whether any certificates of stock were issued to Mendenhall, or whether any stock certificates had been issued to any persons at the time of the transactions in dispute. Mendenhall, testifying as a witness, did not remember that he had ever received the certificates. The stockholders and directors were meeting almost daily, and were proceeding quite informally. The evidence showed, without conflict, that the only records of the company in existence did not show anything on the subject in dispute.

The appellant, in presenting his case in chief on the trial, had himself introduced, in support of his case, evidence of the same character as that to which he objected, and in relation to the same transactions. There was no other kind of evidence to which either party could resort. It was not disputed, but, on the contrary, was a part of each party's case, that Mendenhall had parted with his stock, or had surrendered his privilege to take stock, and also had parted with his notes. It was also proved, without dispute, that he at the same period bought the appellee's interest in the stock of goods for a price approximating the amount of the notes, which also approximated the face value of the stock which he had engaged to take or had taken. No record of the corporation relating to the matter being in existence, the books

used for the recording of such matter having been destroyed by accident, it was not incompetent to show by parol how it came about that the shares which Mendenhall had agreed to take were surrendered by him, and were taken by other stockholders, in connection with evidence that the consideration for the sale of the goods was the transfer of the notes by Mendenhall to the appellee. See Cook, Corporations (4th ed.), §714, and notes.

Judgment affirmed.